UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KAREN DILLARD,

      Plaintiff,                               Civil Action No. 16-CV-12050

vs.                                            HON. BERNARD A. FRIEDMAN

CAROLYN W. COLVIN,
ACTING COMMISSIONER
OF SOCIAL SECURITY,

      Defendant.

_____/

## OPINION AND ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT, DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT, and REMANDING FOR FURTHER PROCEEDINGS

This matter is presently before the Court on cross motions for summary judgment [docket entries 16 and 21]. Pursuant to E.D. Mich. LR 7.1(f)(2), the Court shall decide these motions without a hearing. For the reasons stated below, the Court shall grant plaintiff's motion, deny defendant's motion, and remand the matter for further proceedings.

Plaintiff has brought this action under 42 U.S.C. § 405(g) to challenge defendant's decision denying her application for Social Security disability insurance benefits. An Administrative Law Judge ("ALJ") held a hearing in February 2015 (Tr. 25-54) and issued a decision denying benefits in March 2015 (Tr. 10-21). This became defendant's final decision in April 2016 when the Appeals Council denied plaintiff's request for review (Tr. 1-4).

Under § 405(g), the issue before the Court is whether the ALJ's decision is supported by substantial evidence. As the Sixth Circuit has explained, the Court

> must affirm the Commissioner's findings if they are supported by substantial evidence and the Commissioner employed the proper legal standard. *White*, 572 F.3d at 281 (citing 42 U.S.C. § 405(g));

> *Elam ex rel. Golay v. Comm'r of Soc. Sec.*, 348 F.3d 124, 125 (6th
> Cir.2003); *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th
> Cir.1997). Substantial evidence is "such relevant evidence as a
> reasonable mind might accept as adequate to support a conclusion."
> *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, L.Ed.2d
> 842 (1971) (internal quotation marks omitted); see also *Kyle*, 609
> F.3d at 854 (quoting *Lindsley v. Comm'r of Soc. Sec.*, 560 F.3d 601,
> 604 (6th Cir.2009)). Where the Commissioner's decision is supported
> by substantial evidence, it must be upheld even if the record might
> support a contrary conclusion. *Smith v. Sec'y of Health & Human
> Servs.*, 893 F.2d 106, 108 (6th Cir.1989). However, a substantiality
> of evidence evaluation does not permit a selective reading of the
> record. "Substantiality of the evidence must be based upon the record
> taken as a whole. Substantial evidence is not simply some evidence,
> or even a great deal of evidence. Rather, the substantiality of
> evidence must take into account whatever in the record fairly detracts
> from its weight." *Garner v. Heckler*, 745 F.2d 383, 388 (6th
> Cir.1984) (internal citations and quotation marks omitted).

*Brooks v. Comm'r of Soc. Sec.*, 531 F. App'x 636, 640-41 (6th Cir. 2013).

At the time of her February 2015 hearing, plaintiff was 56 years old (Tr. 42). She has a high school education (Tr. 137) and experience doing sedentary work at a bank and a phone center (Tr. 28-29, 39-40, 43-45, 138, 152). Plaintiff claims she has been disabled since March 2013 (Tr. 122) due to irritable bowel syndrome ("IBS"), colitis, depression, anxiety, pain in her lower back and neck, asthma, ankle spurs, bilateral carpal tunnel syndrome, and insomnia (Tr. 28, 32-37, 136). Plaintiff's insured status expires in December 2018 (Tr. 126).

The ALJ found that plaintiff's severe impairments are "irritable bowel syndrome, meralgia paresthesia, GERD, arthralgia of the knees and elbows, arthritis, and obesity" (Tr. 15). The ALJ found plaintiff's asthma, depression, and anxiety to be "non-severe" (Tr. 15). He found that plaintiff cannot perform any of her past relevant work (Tr. 20) but that she has the residual functional capacity ("RFC") "to perform sedentary work as defined in 20 CFR 404.1567(a) with the following additional limitations: occasional lifting of five pounds" (Tr. 17). A vocational expert

("VE") testified to the existence in Michigan of 16,000 "clerical support type jobs," which typically require occasional lifting of five pounds or less (Tr. 46-51). The ALJ cited this testimony as evidence that work exists in significant numbers that plaintiff could perform and concluded that she is not disabled (Tr. 20-21).

Having reviewed the administrative record and the parties' briefs, the Court concludes that the ALJ's decision in this matter is not supported by substantial evidence for the following reasons. First, the ALJ improperly characterized plaintiff's mental impairments (depression and anxiety) as "nonsevere" (Tr. 15). As this Court has explained,

> [a]t Step Two of the sequential evaluation process, Plaintiff was required to show that she suffered from a severe impairment. A severe impairment or combination of impairments is one that significantly limits the claimant's physical or mental ability to perform basic work activities. 20 C.F.R. §§ 404.1520(c), 416.920(c). Basic work activities, defined as the physical or mental abilities and aptitudes necessary to perform most jobs, includes the ability to walk; stand; sit; lift; push; pull; reach; carry; handle; see; hear; speak; understand, carry out, and remember simple instructions; use judgment; respond appropriately to supervision, coworkers and usual work situations; and deal with changes in a routine work setting. 20 C.F.R. §§ 404.1521, 416.921. The Sixth Circuit court has determined that the step-two requirement serves as a "de minimus" threshold hurdle in the disability process. *Higgs v. Bowen*, 880 F.2d 860, 862–63 (6th Cir.1988). The inquiry at step two functions as an "administrative convenience to screen out claims that are totally groundless" from a medical perspective. *Id*. at 863 (citation omitted). An impairment will be considered non-severe only if it is a "slight abnormality which has such a minimal effect on the individual that it would not be expected to interfere with the individual's ability to work, irrespective of age, education and work experience." *Farris v. Sec'y of Health & Human Servs.*, 773 F.2d 85, 90 (6th Cir.1985) (citation omitted). "Under this standard, the question . . . is whether there is substantial evidence in the record supporting the ALJ's finding that [the plaintiff] has only a 'slight' impairment that does not affect her ability to work." *Id*.

*Betty v. Comm'r of Soc. Sec.*, No. 15-CV-10734, 2016 WL 1105008, at *3 (E.D. Mich. Feb. 17,

2016), report and recommendation adopted, No. 15-CV-10734-DT, 2016 WL 1090554 (E.D. Mich. Mar. 21, 2016).

In the present case, the ALJ clearly erred in finding that plaintiff's depression and anxiety are "slight abnormalities" that minimally affect her ability to work. The psychologists who evaluated plaintiff in December 2013 at the request of the Disability Determination Service diagnosed her with persistent depressive disorder and generalized anxiety disorder and concluded that she "would appear to have difficulty maintaining standards of behavior and safety issues due to psychiatric and medical issues" (Tr. 249). Plaintiff has been prescribed significant medication for these conditions, including Cymbalta, Lorazepam, Trazodone, Amitriptyline, Effexor, and Buspar (*see, e.g.,* Tr. 139, 183, 201-02, 254, 256, 260, 288-89, 294). A physician, Dr. Paragi, noted in December 2013 that plaintiff's anxiety "seems to be poorly controlled" (Tr. 294). A psychiatrist, Dr. Rana, who examined plaintiff in February 2014, found plaintiff's anxiety to be "severe" and opined that its impact on plaintiff's "social/academic/occupational functioning and activities of daily living" was "severe" (Tr. 297, 306). In August and November 2014, another psychiatrist, Dr. Rifai, diagnosed dysthymia and anxiety (Tr. 322, 338) and rated the impact as "moderate" and then "mild" (Tr. 319, 335), although he, too, rated plaintiff's anxiety as "severe" (Tr. 322, 337). Dr. Rifai also indicated that plaintiff's attention and concentration are "impaired" (Tr. 321, 337). Plaintiff's main treating physician, Dr. Haddad-Khoury, similarly has opined that plaintiff's physical condition is affected by her depression and other "psychological factors" (Tr. 237, 253). Under these circumstances, the ALJ plainly erred in characterizing plaintiff's anxiety and depression as non-severe. It simply cannot be said that plaintiff's mental impairments are "slight" and have only a minimal effect on her ability to work.

4

While the ALJ stated that he nonetheless considered plaintiff's mental impairments in evaluating her RFC, his conclusion that these impairments do not "cause more than a minor interference with her ability to work" (Tr. 19) is not supported by substantial evidence. The ALJ's statement that plaintiff "had no history of . . . prescribed psychiatric medications or outpatient treatment" (Tr. 19) is simply incorrect. As noted above, plaintiff has in fact been prescribed a great deal of medication for depression and anxiety, and she was seen for these conditions on the occasions indicated by Drs. Paragi, Rana, and Rifai. Additionally, it is not apparent from the ALJ's decision that he was aware that these physicians thought plaintiff's anxiety is "severe" and "poorly controlled." On remand, the ALJ must reevaluate plaintiff's mental impairments and the extent to which they affect her ability to work.

Second, the ALJ erred in failing to make any findings regarding the significance of plaintiff's obesity on her RFC. Under defendant's regulations, an adult with a BMI of 30 or above is deemed to be obese. *See* SSR 02-1p. While obesity is no longer a "listed impairment," this Social Security ruling does require the ALJ to consider it at all steps of the sequential process while evaluating applicants for disability insurance benefits. *See id.,* Policy Interpretation ¶ 3 ("We will consider obesity in determining whether: The individual has a medically determinable impairment. . . . ; [t]he individual's impairment(s) is severe. . . . ; [t]he individual's impairment(s) meets or equals the requirements of a listed impairment in the listings. . . . ; [t]he individual's impairment(s) prevents him or her from doing past relevant work and other work that exists in significant numbers in the national economy."). Further,

> [o]besity is a medically determinable impairment that is often associated with disturbance of the musculoskeletal system, and disturbance of this system can be a major cause of disability in individuals with obesity. The combined effects of obesity with

5

musculoskeletal impairments can be greater than the effects of each of the impairments considered separately. Therefore, when determining whether an individual with obesity has a listing-level impairment or combination of impairments, and when assessing a claim at other steps of the sequential evaluation process, including when assessing an individual's residual functional capacity, adjudicators *must consider* any additional and cumulative effects of obesity.

20 C.F.R. Pt. 404, Subpt. P, App. 1 § 1.00Q (emphasis added).

In the present case, the record contains a number of references to plaintiff's obesity. The Disability Determination Service flagged this as one of plaintiff's severe impairments (Tr. 60) and noted plaintiff's BMI of 31.6 (Tr. 63). The record contains a number of other references to this impairment as well. *See, e.g.,* Tr. 195-96, 200, 208, 256, 259. Indeed, the ALJ himself included obesity among plaintiff's severe impairments (Tr. 15), and yet there is no indication that he considered it in evaluating her RFC. On remand, the ALJ must make specific findings as to the effect, if any, of plaintiff's obesity on her other impairments, including the "[w]orsening degenerative arthritis" in her lower back (Tr. 231, 375) and on her ability to work. In particular, the ALJ must determine whether and to what extent plaintiff's obesity exacerbates her back pain or diminishes her ability to sit, stand, walk, or concentrate. The ALJ must include any such findings in reevaluating plaintiff's RFC and, as appropriate, in framing revised hypothetical question(s) to the VE.

The ALJ also erred in inadequately explaining why he gave "little weight" to the opinions of one of plaintiff's treating physicians, Dr. Haddad-Khoury, who indicated on "medical source statement" forms in October 2013 and August 2014 that plaintiff can sit for at most two hours and stand/walk for at most two hours during an eight-hour work day (Tr. 236, 252). She also opined that plaintiff is likely to be absent from work three days per month "as a result of the impairments

6

or treatment" (Tr. 237, 253).  The ALJ gave these opinions

> little weight because the objective evidence of record is inconsistent
> with the degree of limitation assessed by Dr. Haddad-Khoury.  The
> claimant last worked in a sedentary job until she was laid off in
> March 2013 (Exhibit 1F, p.8).  She continues to be capable of lifting
> ten pounds[1] and there is no evidence to suggest she is unable to sit six
> to eight hours out of an eight hour workday.  There is also no
> evidence to suggest she would be absent from work three times per
> month.

(Tr. 18.)  This statement of reasons does not comport with the treating physician rule, which requires

him to

> give controlling weight to a treating physician's opinion as to the
> nature and severity of the claimant's condition as long as it "is
> well-supported by medically acceptable clinical and laboratory
> diagnostic techniques and is not inconsistent with the other
> substantial evidence in [the] case record." 20 C.F.R. § 404.1527(d)(2)
> (language moved to 20 C.F.R. § 404.1527(c)(2) on March 26, 2012).
> The premise of the rule is that treating physicians have the best
> detailed and longitudinal perspective on a claimant's condition and
> impairments and this perspective "cannot be obtained from objective
> medical findings alone." 20 C.F.R. § 416.927(d)(2) (language moved
> to 20 C.F.R. § 416.927(c)(2) on March 26, 2012). Even when not
> controlling, however, the ALJ must consider certain factors,
> including the length, frequency, nature, and extent of the treatment
> relationship; the supportability of the physician's conclusions; the
> specialization of the physician; and any other relevant factors.
> *Rogers*, 486 F.3d at 242. In all cases, the treating physician's opinion
> is entitled to great deference even if not controlling. *Id.* The failure
> to comply with the agency's rules warrants a remand unless it is
> harmless error. *See Wilson*, 378 F.3d at 545–46.

*Gentry v. Comm'r of Soc. Sec.*, 741 F.3d 708, 723 (6th Cir. 2014).  It is not apparent that the ALJ

gave any consideration to "the length, frequency, nature, and extent of the treatment relationship;

the supportability of the physician's conclusions; the specialization of the physician; and any other

---

[1] The Court notes that this criticism of Dr. Haddad-Khoury's opinion is nonsensical, inasmuch as the ALJ himself found that plaintiff can lift only five pounds occasionally (Tr. 17).

7

relevant factors" before dismissing all of Dr. Haddad-Khoury's opinions. This alone warrants remand for reassessment of her opinions. But in particular, the ALJ erred in asserting that Dr. Haddad-Khoury's limitations regarding plaintiff's ability to sit and to stand/walk are inconsistent with the "objective evidence." The ALJ did not identify any such inconsistent objective evidence. X-ray evidence shows that plaintiff has degenerative arthritis in her back and that this condition is progressing (Tr. 231, 375). Plaintiff underwent physical therapy specifically for her back pain (Tr. 264-75), which she sometimes rated as high as 9 on the 10-point pain scale (Tr. 274). This evidence clearly does warrant some degree of limitation regarding sitting, standing, and walking. The ALJ's statement that Dr. Haddad-Khoury's professional judgment as to these limitations is "inconsistent" with the objective evidence is at best inadequately explained.

Further, the ALJ ignored Dr. Haddad-Khoury's opinion that plaintiff's ability to work is additionally limited by her need for a sit/stand option and "low stress" work and that her attention and concentration are "frequently" reduced by her pain or other symptoms (Tr. 236-37, 252-53). By failing to accept or reject these limitations, the ALJ has accepted them by default. Yet the ALJ neglected to include any of these limitations in his hypothetical questions to the VE. On remand, the ALJ must make findings as to whether plaintiff is limited to low stress jobs and/or those affording a sit/stand option and/or whether her attention and concentration are reduced, and, as appropriate, include any such limitations in revised hypothetical questions to the VE.

For these reasons, the Court concludes that the ALJ's decision in this matter is not supported by substantial evidence. Remanding the matter for an award of benefits would not be appropriate at this time because the record, in its current state, is not such that "proof of disability is overwhelming or . . . proof of disability is strong and evidence to the contrary is lacking."

*Faucher v. Sec'y of Health and Human Servs.*, 17 F.3d 171, 176 (6th Cir. 1994).  Rather, the matter must be remanded so that the record may be further developed to address the deficiencies noted above.  Accordingly,

IT IS ORDERED that defendant's motion for summary judgment is denied.

IT IS FURTHER ORDERED that plaintiff's motion for summary judgment is granted and this matter is remanded for further proceedings as specified above.  This is a sentence four remand under § 405(g).

                                          s/Bernard A. Friedman_____
Dated: February 1, 2017                   BERNARD A. FRIEDMAN
       Detroit, Michigan                  SENIOR UNITED STATES DISTRICT JUDGE

I hereby certify, that on February 1, 2017, I served the
foregoing document on all parties using the ECF system
or U.S. Mail.

s/Teresa McGovern
Deputy Clerk